UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOPE FARNUM, *as Administratrix of the Estate of* SHAKEEM FARNUM,

                Plaintiff,

        v.

CROWN EQUIPMENT CORPORATION
and JAMES N. MAGLARAS
                Defendants.

20-CV-10843 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    Before the Court is Plaintiff Hope Farnum's motion to remand this state law products liability and negligence action to New York State Supreme Court, Bronx County, where the case was originally filed. Defendants Crown Equipment Corporation ("Crown") and James Maglaras removed the action to this Court, asserting that Maglaras had been fraudulently joined for the sole purpose of destroying diversity jurisdiction. Plaintiff argues that Maglaras was properly joined, and that this Court thus lacks subject matter jurisdiction. For the reasons that follow, Plaintiff's motion to remand is granted, while her related application for costs and fees is denied.

## BACKGROUND

    The following facts are primarily drawn from Plaintiff's Initial Complaint, which was filed in the New York State Supreme Court, Bronx County, on November 3, 2020. Dkt. 1 Ex. A ("Compl.").[1] The Court also draws facts from the following documents that were submitted alongside Defendants' notice of removal and the instant motion to remand: the Declaration of James Maglaras, dated December 22,

---

[1] Although Farnum filed an Amended Complaint on January 19, 2021, Dkt. 17, on a motion to remand, "[t]he pleadings must be considered as they existed at the time of removal and post-removal filings must not be considered." *Segal v. Firtash*, 13-CV-7818 (RJS), 2014 U.S. Dist LEXIS 126569, 2014 WL 4470426, at *4. (S.D.N.Y. Sept. 9, 2014).

2020, Dkt. 1 Ex. D ("Maglaras Decl."); the Declaration of Richard A. Gurfein, dated January 19, 2021, Dkt. 15 ("Gurfein Decl."); the Supplemental Declaration of James Maglaras, dated January 29, 2021, Dkt. 26 Ex. 1, Ex. 7 ("Supp. Decl."); and Defendants' Notice of Removal, Dkt. 1 ("Notice of Removal"). *See MBIA Ins. Corp. v. Royal Bank of Can.*, 706 F. Supp. 2d 380, 395–96 (S.D.N.Y. 2009) (noting that on a remand motion a court may consider documents other than the pleadings "to the extent that the factual allegations [in those documents] . . . clarify or amplify the claims actually alleged").

Plaintiff Hope Farnum is a resident of Bronx, County, New York. Compl. ¶ 1. She is the administratrix of the estate of her father, Shakeem Farnum, who was also a Bronx resident. *Id*. ¶¶ 2–3. Defendant Crown is an Ohio corporation with its principle place of business in Ohio. *Id*. ¶ 4. It operates an office out of Hicksville, New York. *Id*. Defendant James Maglaras is an employee of Crown who resides in Nassau County, New York. *Id*. ¶ 6.

Shakeem Farnum worked for Dairyland USA Inc. ("Dairyland") in their Bronx warehouse. Gurfein Decl. ¶ 2; Compl. ¶ 9. On September 6, 2018, Farnum was operating a Crown forklift "in a manner that was both normally intended and reasonably foreseeable." Compl. ¶ 9. "[W]hen the forklift foreseeably went under a horizontal rack shelf, . . . the shelf intruded into the operator's compartment of the forklift . . . [and] lifted [Farnum] off the floor of the forklift and trapped him in a way that made it impossible for him to fully breath or operate the forklift so as to extricate himself." *Id*. ¶¶ 10–11. Farnum asphyxiated and died. *Id*. ¶ 12.

The forklift Farnum was operating was designed and manufactured by Crown. *Id*. ¶ 13. Plaintiff alleges that it did not have an adequate rear guard to prevent accidents like Farnum's. *Id*. ¶ 14; *see also id*. ¶ 15 (asserting that the forklift had only one rear guard, but that it needed a second to be operated safely). According to the Complaint, "it [wa]s well known to Crown" that its forklifts were used in warehouses like Dairyland's, where risks of accidents like Farnum's existed. *Id*. ¶ 16. The Complaint further alleges that "[i]t would not negatively affect the utility of the subject forklift to have a second

rear guard post" and that "[h]ad the forklift been equipped with a second rear guard post, Shakeem Farnum would not have been injured or killed." *Id*. ¶¶ 20–21.

"Prior to filing this case in state court, Plaintiff obtained an order from Supreme Court, Bronx County to conduct pre-action discovery in Bronx County." Gurfein Decl. ¶ 2. Through that discovery, Plaintiff "obtained documentary evidence from. . . Dairyland USA identifying Defendant James N. Maglaras as an individual responsible for the ongoing lease, repair and maintenance of the machine." *Id*. ¶ 2. The parties appear to dispute whether Maglaras was involved with the Dairyland account at the time of the sale of the forklift involved in Shakeem Farnum's death. *Compare* Compl. ¶ 17 (alleging that Maglaras was "responsible for the sale and service of the forklift to Dairyland USA"), *with* Maglaras Decl. ¶ 11 ("At the time of the sale of the [forklift involved in Farnum's death], I had no responsibilities—sales or otherwise—for the DairyLand USA account."). It is undisputed, however, that Maglaras was involved with the Dairyland account at the time of Shakeem Farnum's death. Gurfein Decl. ¶ 3. The Complaint also alleges that Maglaras "was aware of the risk of shelf intrusion that existed at the Dairyland USA Bronx warehouse" but did not warn Dairyland of this risk or propose a possible change to the forklift that would make it reasonably safe: adding a second rear guard post. *Id*. ¶¶ 17–18. Indeed, the Complaint alleges that "Crown and Maglaras refused to sell a second rear guard post and actively discouraged purchasers of standup forklift products from purchasing second rear guard posts." *Id*. ¶ 23.

On November 3, 2020, Plaintiff commenced this litigation against Crown and Maglaras in the Supreme Court of the State of New York, Bronx County. Notice of Removal ¶ 1. As to Crown, Plaintiff brought claims of product liability, negligence, and wrongful death. *Id*. ¶ 2. As to Maglaras, Plaintiff brought claims of negligence and wrongful death. *Id*. ¶ 3. On December 22, 2020, Defendants removed this action to federal court pursuant to 28 U.S.C. § 1441, asserting that Maglaras, the non-diverse defendant, had been fraudulently joined. *Id*. ¶ 13. Plaintiff now moves to remand the action to state

3

court, arguing that she has a possibility of recovery against Maglaras and that the case must be remanded. Pl. Mem. at 1. Plaintiff seeks recovery of all attorneys' fees and costs incurred as a consequence of the removal. *Id*. at 16–17.

## DISCUSSION

### I. Fraudulent Joinder

Defendants contend that Maglaras was fraudulently joined for the sole purpose of defeating diversity jurisdiction and preserving Plaintiff's choice of forum. Notice of Removal ¶ 13. The doctrine of fraudulent joinder "allows the federal district court, in matters removed from state courts, to strike nondiverse defendants who have no real connection with the dispute, or who have no real liability because there is no possibility of recovery against them." *Hosein v. CDL West 45th Street, LLC*, 12-CV-6903 (LGS), 2013 U.S. Dist. LEXIS 130030, 2013 WL 4780051, at *3 (S.D.N.Y. June 12, 2013). "In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). The Court "must consider the state law upon which the claim rests and then determine only whether there is a reasonable possibility that the relevant state's highest court would rule in favor of the plaintiff were the issue presented to it. If there is such a possibility, then the joinder was appropriate and the case must be remanded." *In re Rezulin Prods. Liab. Litig.,* 133 F. Supp. 2d 272, 280 (S.D.N.Y. 2001); *see also Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 378 (S.D.N.Y. 2006)

For several reasons, "[t]he defendant seeking removal bears a heavy burden of proving fraudulent joinder." *Pampillonia*, 138 F.3d at 461. First, the fraudulent joinder standard is a strict one: "Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there

4

is 'no possibility' of recovery is such a finding warranted." *Nemazee v. Premier, Inc.*, 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002) (quoting *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001)); *see also Stan Winston Creatures v. Toys "R" Us, Inc.,* 314 F. Supp. 2d 177, 183 (S.D.N.Y. 2003) (requiring defendants to show that it is "legally impossible" for plaintiff to recover). Second, the Court must resolve all ambiguities in the plaintiff's favor. "[A]ll factual and legal issues must be resolved in favor of the plaintiff," *Pampillonia*, 138 F.3d at 461, and "[a]ll uncertainties in applicable state law are resolved in favor of the plaintiff," *Campisi v. Swissport Cargo Servs., LP*, 09-CV-1507 (FB) (JMA), 2010 U.S. Dist. LEXIS 5882, 2010 WL 375878, at *2 (E.D.N.Y. Jan. 26, 2010) (quoting *Intershoe, Inc. v. Filantro SPA,* 97 F. Supp. 2d 471, 474 (S.D.N.Y. 2000)). Finally, in considering a claim of fraudulent joinder, the Court may consider documentation outside the Complaint itself, but any inconsistencies must be resolved in the plaintiff's favor. *See id.* at *1–2.

Here, Defendants assert that there is no possibility that Plaintiff can sustain her claim against Maglaras in state court. As an initial matter, they contend that Plaintiff's claims are not legally viable because Maglaras owed Farnum no duty of care as a matter of law. Def Mem. at 8. They further argue that even if Plaintiff's claims are legally viable, she has failed to state those claims with sufficient particularity so as to satisfy New York's pleading standards. *Id*. at 10.

### A. Maglaras's Duty to Warn

Defendants assert that Plaintiff has failed to present a viable legal basis for her theory that "Maglaras's alleged employment responsibilities for Crown—namely for maintaining, repairing, leasing, and selling the subject forklift—imposed upon him a duty to warn of alleged defects in the subject forklift." Def. Mem. at 8. Plaintiff cites several decisions of the New York courts in support of her theory. Pl. Mem. at 14–16 (citing *Adams v. Genie Indus., Inc.*, 929 N.E.2d 380, 381, 385 (N.Y. 2010); *Dauernheim v. Lendlease Cars*, 238 A.D.2d 462 (N.Y. App. Div. 1997); *Power v. Crown Equip. Corp.*, 189 A.D.2d 310, 311 (N.Y. App. Div. 1993); *Young v. Robertshaw Controls Co., Uni-Line Div.*,

5

104 A.D.2d 84, 85 (N.Y. App. Div. 1984)). In response, Defendants contend that each of these cases is distinguishable. For example, Defendants note that while the Court in *Dauernheim* held an individual defendant liable for failure to warn the plaintiff about a defect in his product, the defendant in that case had performed actual repair work on the product, while Maglaras asserts that he has never personally performed repairs on a Dairyland forklift. *Compare* 238 A.D.2d at 462, *with* Supp. Decl. ¶¶ 6–7. And in the remaining cases cited by Plaintiff, the defendant held to owe the plaintiff a duty was the product manufacturer itself, not an employee of the manufacturer. *See Adams v. Genie Indus., Inc.*, 929 N.E.2d 380, 381, 385 (N.Y. 2010); *Power v. Crown Equip. Corp.*, 189 A.D.2d 310, 311 (N.Y. App. Div. 1993); *Young v. Robertshaw Controls Co., Uni-Line Div.*, 104 A.D.2d 84, 85 (N.Y. App. Div. 1984).

Defendants' argument misconstrues the burden in a claim of fraudulent joinder. Defendants bear the burden here—not Plaintiff—and to carry their burden they must show that Plaintiff has "no possibility" of recovery against Maglaras. *Nemazee,* 232 F. Supp. 2d at 178. It is true that the cases Plaintiff cites are factually distinguishable from the instant case in the ways Defendants describe. And it may well be that the differences between this case and those ultimately lead the state court to find for Defendants. But the Court finds nothing in the language of those decisions that would foreclose their application here. It is simply not the case, in other words, that the Court can say at this stage that it is "legally impossible" for Plaintiff to recover against Maglaras. *Stan Winston,* 314 F. Supp. 2d at 183. The law, moreover, dictates that "[a]ll uncertainties in applicable state law are resolved in favor of the plaintiff.'" *Campisi*, LP, 2010 WL 375878, at *2 (quoting *Intershoe*, 97 F. Supp. 2d at 474). Accordingly, to the extent that there is any question about the applicability of *Adams*, *Young*, *Power*, or *Dauernheim* here, the Court is compelled to resolve this issue in Plaintiff's favor.

### B. Lack of Particularity

Defendants next argue that even if an employee could acquire a duty to warn, Plaintiff has failed to sufficiently plead that one existed here. Def. Mem. at 10. Defendants contend that the Complaint

6

"contain[s] only conclusory allegations." *Id*. at 11. Specifically, Defendants take issue with the Complaint's failure to describe "[1] how or when Mr. Maglaras allegedly became aware of a shelf intrusion risk at DairyLand[,] . . . [2] any specific discussions Mr. Maglaras allegedly had with DairyLand about the subject forklift, . . . and [3] any specific acts by [Maglaras] that allegedly discouraged Dairyland from purchasing a second rearguard post." *Id*. at 11–12. This argument fails because New York law does not require the particularized pleadings Defendants seem to demand—at least not on a claim of fraudulent joinder.

As a preliminary matter, it is well established that New York State's pleading standards are more liberal than the federal standards. Under New York law, "[a] pleading attacked for insufficiency must be accorded a liberal construction, and if it states, in some recognizable form, any cause of action known to our law, it cannot be dismissed." *Schlackman v. Robin S. Weingast & Assocs., Inc.,* 18 A.D.3d 729, 729 (N.Y. 2005) (internal citations and quotation marks omitted); *see also MBIA*, 706 F. Supp. 2d at 394 ("New York has liberal pleading rules, especially for a summons with notice, which require that a plaintiff need only provide 'at least basic information concerning the nature of a plaintiff's claim and the relief sought.'" (quoting *Parker*, 460 N.E.2d at 1317)); *Guggenheimer v. Ginzburg,* 372 N.E.2d 17, 21 (N.Y. 1977) (describing New York's pleading standard as requiring a complaint to "set forth [claims] with sufficient factual specificity and fullness, so as to identify the transaction and indicate the theory of redress to enable the court to control the matter and the adversary to prepare").

Here, Plaintiff has pled that Maglaras was "a manager for Crown responsible for the sale and service of the forklift to Dairyland USA," that he "was aware of the risk of shelf intrusion that existed at the Dairyland USA Bronx warehouse," but that "despite his knowledge of the risk of shelf intrusion that existed at the Dairyland USA Bronx warehouse, did not warn Dairyland USA to eliminate the risk or suggest to Dairyland USA that a second rear guard post on the forklift was needed for it to be reasonably safe." Compl. ¶ 18. She further alleges that Maglaras "refused to sell a second rear guard post and

7

actively discouraged purchasers of standup forklift products from purchasing second rear guard posts to protect operators from injury during mishaps like the event that is the subject of this action." *Id*. ¶ 23. These pleadings are sufficiently particularized to survive New York's liberal pleading standards, and in any event, a court must "lend more lenient scrutiny to plaintiff's claims than it would if it were ruling on a motion to dismiss." *In re Fosamax Prods. Liab. Litig.*, 09-CV-4061 (JFK), 2009 U.S. Dist. LEXIS 93504, 2009 WL 3109832, at *2 (S.D.N.Y. Sept. 28, 2009) (citing *Sherman v. A.J. Pegno Constr. Corp.,* 528 F. Supp. 2d 320, 328–29 (S.D.N.Y. 2007)).

Several decisions of this court support the conclusion that pleadings like the ones made here are sufficient to defeat a claim of fraudulent joinder. For example, in *Gross v. Home Depot U.S.A., Inc*., an employment discrimination case, the Court rejected a claim of fraudulent joinder when the plaintiff pled that she reported to the non-diverse defendant "at some times relevant to the complaint." 386 F. Supp. 2d 296, 299 (S.D.N.Y. 2005). In *Cleary v. Boston Science Corportation*, a products liability action, the plaintiff's claims against the individual defendant were rooted in the plaintiff's "reasonable belief that [the non-diverse defendant] was involved in manufacturing and marketing" the defective product, as well as the defendant's website, which indicated that the non-diverse defendant made products in the same field as the defective product—without stating explicitly that it made the defective product. 06-CV-3423 (BMC) (MLO), 2006 U.S. Dist. LEXIS 66567, 2006 WL 2689815, at *1 (E.D.N.Y. Sept. 18, 2006). And in *D.A. v. Target Corp.*, a slip and fall action, the defendants alleged that the non-diverse individual defendant was fraudulently joined because the plaintiff "fail[ed] to allege a sufficient factual basis" that the non-diverse defendant was involved in the incident. 16-CV-8991, 2017 U.S. Dist. LEXIS 73682, 2017 WL 2062991, at *2 (S.D.N.Y. May 15, 2017). Judge Oetken rejected that argument, noting that "the complaint plainly alleges that, on the date in question, [the non-diverse defendant] 'fail[ed] to keep and maintain' the area of the store where [the plaintiff] fell and that she caused the premises to be

unsafe." *Id*. In sum, these decisions illustrate the relatively low threshold courts have set for pleadings to defeat a claim of fraudulent joinder.

To bolster their argument that Plaintiff has failed to sufficiently plead a viable claim against Maglaras, Defendants have also submitted documentation that allegedly establishes that Maglaras had no connection to Shakeem Farnum's death. *See* Dkt. 1 Ex. D (Maglaras Decl.); Dkt. 26 Ex. 1, Ex. 7 (Supp. Decl.); *see also Campisi*, 2010 WL 375878, at *1–2 (holding that in considering a claim of fraudulent joinder, a court may consider documentation outside the Complaint itself). As Plaintiff rightly notes, however, none of these documents render it "legally impossible" for Plaintiff to recover against Maglaras. *Stan Winston,* 314 F. Supp. 2d at 183. In his second declaration, Maglaras avers that he had no role in the Master Lease Agreement executed between Crown and Dairyland in April 2007 (the initial contract between those two parties), nor did he play any role in the lease schedule executed between Crown and Dairyland in May 2016 (which leased to Dairyland the forklift involved in Shakeem Farnum's death). Supp. Decl. ¶¶ 4–5 & Ex. B–C. Yet these assertions are not dispositive in this case, which alleges that Maglaras was negligent in the continued service and maintenance of the forklifts. For the same reason, Maglaras's attestation that he had no personal or supervisory responsibilities for the sale of the forklift involved in the tragic incident misses the point. Maglaras Decl. ¶¶ 9–10. Even if he were not involved in the initial sale of the forklift, he is alleged to have been responsible for its continued maintenance and service throughout the relevant period. Compl. ¶ 17; Gurfein Decl. ¶ 3. New York law is clear that the duty to warn does not cease upon the sale of a product; instead, "[t]he duty to warn is a continuing one." *Power*, 189 A.D.2d at 313; *see also Braniff Airways, Inc., v Curtiss-Wright Corp.*, 411 F.2d 451, 453 (2d Cir. 1969) ("It is clear that after such a product has been sold and dangerous defects in design have come to the manufacturer's attention, the manufacturer has a duty either to remedy these or, if complete remedy is not feasible, at least to give users adequate warnings and instructions concerning methods for minimizing the danger."). Maglaras also stated in his second declaration that

9

he is not a service technician and has never repaired, serviced, or maintained a forklift. ¶¶ 6–8. But as discussed above, New York case law applies the duty to warn not only to technicians, but to manufacturers and distributors. *See, e.g.*, *Adams*, 929 N.E.2d at 381 (lawsuit against manufacturer of defective product); *Power*, 189 A.D.2d at 311 (same); *Young*, 104 A.D.2d at 85 (same).

The Court makes these findings without comment as to whether Defendants are likely to prevail in state court, either on a motion to dismiss or at a later stage of litigation. But at this posture, in light of the Court's obligation to resolve all factual and legal issues in Plaintiff's favor, these documents do not meet Defendants' burden of showing that Plaintiff has "'no possibility' of recovery." *Nemazee*, 232 F. Supp. 2d at 178 (internal citations omitted).

## II. Attorneys' Fees and Costs

Federal law provides that, upon remand, a district court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Section 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees." *See Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992). However, "courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The "mere fact that the defendant fail[ed] to carry his burden does not of itself require an award of [attorneys' fees and] costs." *Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 472 (S.D.N.Y. 2006).

Here, Defendants' removal of this action was not unreasonable. There is a legitimate basis for Defendants' belief that Maglaras is not liable for Shakeem Farnum's death. The Court's conclusion at this time—based only on the threadbare record and the parties' limited briefing—is merely that Plaintiff has some possibility of recovery against Maglaras. Plaintiff's application for attorneys' fees and costs is thus denied.

## CONCLUSION

Plaintiff's motion to remand is granted, but her application for costs and fees is denied. The case is remanded to the Supreme Court of Bronx County, New York.

SO ORDERED.

Dated: June 23, 2021
New York, New York

RONNIE ABRAMS
United States District Judge